Ruffin, C. J.
 

 The Court does not perceive in the proceedings at the trial any ground of complaint on the part of the appellants.
 

 The defendant proposed to sell to the plaintiff twenty-eight
 
 *94
 
 horses, and represented that some of them had what is called the common distemper. When the horses were produced before persons chosen by the parties to set a value on them, two of them were obviously diseased. The arbitaators put a value on twenty-six of them, and the parties afterwards made a satisfactory arrangement in relation to them. It is not alleged that either of them was then unsound. But the other two, which were seen to be diseased, were not valued by the arbitrators on account of the disease; as they thought them unfit for the service for which the plaintiffs wanted them. Afterwards the parties themselves came to an agreement with respect to those two horses also; and the plaintiffs purchased them at reduced prices, as unsound horses. The plaintiffs now say, in this action, that they believed the disease to be only common distemper, upon the representation of the defendant ; whereas it was a different disease called the glan-ders, which is incurable, and killed those horses and others which received the eontagion from them; and the defendant, although well knowing the nature of the disease, concealed it from the plaintiffs, who were ignorant thereof. The points in dispute were, then, first, as to the kind of distemper, and secondly, as to the
 
 scienter
 
 of the parties respectively. Upon those points his Honor instructed the Jury, if they believed the horses had glanders, and the defendant had knowledge of it, yet if they were also satisfied the plaintiffs had as full knowledge of the nature of the disease as the defendant had, that, then, the plaintiffs could not recover.
 

 The nature of the disease with which the horses were affected, is matter of opinion ; and, with respect to it, information is to be had from persons of skill who saw the horses. The plaintiffs called such a person; one whom they had selected as a judge of horses, to examine them and set a value on them; and he proved that they had glanders, and were of no value. This is the evidence of the unsoundness of the horses, of its character, and of its effect on the value; and it may be taken to have established the disease alleged by the plaintiffs. But, then, the same witness went on further to say, that, before the plaintiffs purchased, he frequently told them the horses had the glanders, and for that reason that he
 
 *95
 
 had rejected them altogether on the arbitration. Upon this declaration of the witness the Court ruled that if the Jury believed him they ought to find against the plaintiffs. To this latter instruction the plaintiffs’ exception is confined.
 

 We must say that our opinion accords with that delivered to the Jury. The evidence established the
 
 scienter
 
 in the plaintiffs, just as it did the existence of the disease in the horses. If the plaintiffs ask it to be believed by the Jury, that the horses had glanders, because this witness states to them that, in his opinion, they had, surely it is a rational conclusion, that, when the witness gave the same opinion to the plaintiffs themselves, it was a sufficient notice of the disease, and a fair warning to them not to buy. They were not then ignorant, and consequently not deceived, men.
 

 As the judgment is affirmed, we do not go out of the plaintiffs’ exception. We feel it necessary to draw attention to this, lest it might be inferred that this Court also adopts the rule laid down by his Honor as to the measure of damages, if the Jury had found for the plaintiffs. That point is not open to our consideration on this record; and, therefore, no inference is to be made as to our opinion on it either way.
 

 Per Curiam. Judgment affirmed.